UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal No. 72-CR-00802 (TNM) |
| | : | |
| **ALVIN WRIGHT** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION TO TERMINATE SUPERVISION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this opposition to defendant Alvin Wright's "Motion" filed on January 10, 2024. ECF No. 8. Defendant seeks early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). The government respectfully asks this Court to summarily deny the motion.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Defendant Wright pled guilty in 1972 to Armed Robbery, Burglary, and Assault on a Member of the Police Force with a Deadly Weapon. He was sentenced to an indeterminate term of imprisonment of 15 to 45 years. Defendant was paroled in 1993, but shortly after attempted to rob a Kentucky Fried Chicken restaurant in Virginia. He received a 396-month state court sentence for the robbery and related charges. Defendant was granted geriatric parole in 2018 and left state custody. He returned to federal custody to address the 1993 violation of his parole. Defendant's parole was revoked, and the U.S. Parole Commission imposed a 320-month sentence.

---

[1] The factual background and procedural history of defendant's case have been previously set out in detail in this Court's "Memorandum Order" filed on July 19, 2021. ECF 7. Accordingly, only a short recitation is presented in this opposition.

1

Defendant filed a compassionate release motion pursuant to D.C. Code § 24-403.04 on April 6, 2021. ECF 3. The United States filed its response on May 26, 2021, indicating it did not oppose the motion. ECF 6. The Court granted defendant's motion on July 19, 2021. ECF 7. The Court suspended defendant's original sentence as to all but time served and ordered *inter alia* that defendant serve a five-year term of supervised release. *Id*. Defendant filed his instant motion on January 10, 2024. ECF 8. To date, defendant has served approximately 30-months of his 60-month term of supervision.

## **ANALYSIS**

Defendant seeks relief pursuant to 18 U.S.C. § 3583(e)(1), which states in relevant part that the Court, after considering certain enumerated factors, may " terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors the Court must first consider are found in sections "3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." *Id*.

The government does not dispute that defendant has spent more than one year on supervised release. The government also does not dispute that defendant appears to be in compliance with the terms of his supervision thus far.[2] However, after review of the factors found in 18 U.S.C. 3553(a)(1)-(7), the government submits that relief is not warranted. Early termination of supervised release would not reflect the gravity of the nature and circumstances of the offenses,

---

[2] Specifically, no violation reports have been filed to date that the government is aware of. Defendant states that he has been "free of drugs" and engaged in "no criminal activity." Def. Mot., at 1. ECF 8. The government assumes that a positive drug test or a rearrest would have triggered a written violation report from his supervising officer.

2

nor would it reflect the seriousness of the offenses. *See* 18 U.S.C. § 3553(a)(1)-(2). Additionally, such an outcome certainly would not afford *any* deterrence form future criminal conduct and it would not offer *any* protection from the public from further crimes. *See* 18 U.S.C. § 3553(a)(2).

While defendant has seemingly maintained compliance thus far, the government submits that the five-year term of supervised release imposed by the Court is appropriate to satisfy public safety interests, given the serious crimes that defendant committed, and also to help defendant navigate re-entry into society after a lengthy period of incarceration. Defendant is on supervised release for his participation in a serious armed robbery and subsequent parole revocation. That revocation, which stems from defendant's robbery conviction in Virginia, demonstrates at least one failed attempt at supervision previously. The government respectfully submits that continued, active supervision, and continued support from probation in the ongoing process of transitioning defendant back into the community, remains appropriate under the circumstances.

A defendant's obligations while on supervised release are typically minimal - these often include obeying all laws, not illegally possessing controlled substances, maintaining or seeking employment, and permitting probation to visit his residence periodically. They are not unduly burdensome. If defendant experiences any setbacks, probation is a resource that can be used by defendant to connect with services as needed.

## **CONCLUSION**

In sum, given the severity of the conduct in this case, the length of defendant's prior period of incarceration and the recency with which defendant was placed on supervised release, the government respectfully submits that the Court should summarily deny defendant's motion.

                                         Respectfully submitted,

                                         MATTHEW M. GRAVES
                                         United States Attorney

                                         PETER S. SMITH
                                         Chief, Special Proceedings Division

                                         JULIA COSANS
                                         Assistant United States Attorney
                                         Deputy Chief, Special Proceedings Division

                              By:     /s/*Christopher Macomber*
                                         Christopher Macomber
                                         Assistant United States Attorney
                                         Special Proceedings Division
                                         DC Bar No. 1671278
                                         601 D Street NW
                                         Washington, D.C.
                                         Christopher.Macomber@usdoj.gov

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY, on January 30, 2024, I caused a copy of the foregoing motion to be filed electronically in the ECF system, and also to be mailed via first-class mail, postage pre-paid, defendant pro se at:

Alvin Wright
3298 Fort Lincoln Drive N.E.
Washington, D.C. 20018

                                         */s/ Christopher Macomber*
                                         Christopher Macomber
                                         Assistant United States Attorney